958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Douglas PINCHBACK, Plaintiff-Appellant,
v.
William J. GIBSON, Jr., Director, Defendant-Appellee.
 No. 92-6001.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1992.
Decided March 17, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CA-91-810-R)
 John Douglas Pinchback, appellant pro se.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Douglas Pinchback appeals from the district court's dismissal without prejudice, pursuant to 28 U.S.C. § 1915(d) (1988), of his claim for relief under 42 U.S.C. § 1983 (1988). After a review of the record, we conclude that the appeal is without merit and affirm.
 
 
 2
 Under a liberal interpretation of Pinchback's complaint, he has alleged that prison officials failed to give him a physical examination by a licensed doctor prior to putting him to work, an examination mandated by section 53.1-33 of the Code of Virginia. Va.Code Ann. § 53.1-33 (Michie 1991). We construe this as an allegation that prison officials denied Pinchback a substantive right mandated under state law, thereby violating his due process rights. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989). The medical examination in this case, however, is a procedural protection, and the denial of procedural protections does not in itself create a § 1983 claim, even where the denial is contrary to the clear mandate of state law. Olim v. Wakinekona, 461 U.S. 238, 250 (1983); see United States v. Jiles, 658 F.2d 194, 199-200 (3d Cir.1981), cert. denied, 455 U.S. 923 (1982).
 
 
 3
 Because an actionable claim requires the denial of a mandated substantive right, Pinchback must show that the failure to provide a proper medical examination affected the amount of work he was obliged to perform. Moreover, to survive scrutiny under § 1915(d), he must provide a factual basis for his claim. White v. White, 886 F.2d 721, 723 (4th Cir.1989). The factual allegations need not be sufficient to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Pinchback must, however, provide more than a bald legal theory to survive § 1915(d). See White, 886 F.2d at 723. Because Pinchback alleged that no proper examination was given without giving any factual background regarding how a proper examination would have affected his obligation to work, we conclude that his claim is frivolous. Accordingly, the district court's dismissal of this claim is affirmed.
 
 
 4
 We affirm the dismissal of Pinchback's other claims on the reasoning of the district court. Pinchback v. Gibson, No. CA-91-810-R (W.D.Va. Dec. 2, 1991). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.